IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 15 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

DAVID LOPEZ, as Next Friend of
Preston Lopez,

    Plaintiff,

v.

ROSS STORES, INC.,

    Defendant.

§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. B-06-07

## OPINION & ORDER

BE IT REMEMBERED that on November 14, 2006, the Court considered the Plaintiff's Notice to Voluntarily Dismiss Civil Action Proceeding and the Plaintiff's Motion to Set Aside Notice to Dismiss and Motion to Voluntarily Dismiss Civil Action Proceeding or In the Alternative to Amend Scheduling Order Without Extending the Trial Date, Dkt. Nos. 9, 10, 11, 12; Defendant's Response to Plaintiff's Motion to Voluntarily Dismiss Civil Action Proceeding and Brief in Support, Dkt. No. 13; Defendant's Motion to Strike Plaintiff's Expert Witnesses and Brief in Support, Dkt. No. 14; and Defendant's Response to Plaintiff's Motion to Amend Scheduling Order Without Extending the Trial Date and Brief in Support, Dkt. No. 15.

In his motion, Plaintiff asks this Court to set aside his Notice to Voluntarily Dismiss Civil Action Proceeding, to extend the deadlines contained in the Scheduling Order related to the designation of experts, and/or to dismiss this case without prejudice. Dkt. Nos. 10, 11, 12, at 2–3. Defendant opposes each of these requests. Dkt. Nos. 13, 14, 15.

As an initial matter, the Court **GRANTS** Plaintiff's request to set aside his notice of dismissal. Dkt. No. 9; Dkt. No. 10, at 2.

The Court **DENIES** Plaintiff's request to extend the deadline contained in the

Scheduling Order related to Plaintiff's designation of experts.  Dkt. No. 12, at 2–3.
Plaintiff still fails to establish that good cause exists for a modification of the scheduling
order.  *See* FED. R. CIV. P. 16(b); Alton Crain v. Texas Can!, No. 3-04-CV-2125-M, 2005
U.S. Dist. LEXIS 17111, *4 (N.D. Tex. August 16, 2005).  Plaintiff asserts that the
purpose of the extension would be "so that the minor Plaintiff could appropriately
complete medical treatment and provide the necessary documentation to the
Defendant."  Dkt. No. 10, at 2.  Plaintiff fails to state (1) what medical treatment needs
to be completed; (2) what documentation needs to be supplied; (3) why either of these
is necessary for the designation of experts; or (4) why treatment prevents Plaintiff or
Plaintiff's representative from making such a designation.  Therefore, the Court can
only speculate as to why the Plaintiff must complete any "medical examinations" prior to
providing "all necessary expert reports and information requested by the Defendant."
*Id.*  However, any speculation will not, and cannot, establish the requisite good cause,
and Plaintiff's motion to extend the deadlines must fail.[1]

The Court **GRANTS** Defendant's motion to strike two of Plaintiff's expert
witnesses.  Dkt. No. 14.  Plaintiff failed to designate any experts by the deadline
contained in the Scheduling Order.  Plaintiff then compounded this lack of diligence by
failing to provide reports or the list of cases in which the experts have testified for two of
the five experts Plaintiff apparently sought to designate as of October 30, 2006.[2]  *See*
Dkt. No. 14, Ex. A.  Plaintiff represents that these experts' reports will not be ready until
at least November 15, 2006 — a date which is more than six weeks after the deadline
and is even several weeks after the amended deadline Plaintiff requested.  *See* Dkt.
No. 7; Dkt. No. 14, Ex. A.  The Court concludes that justice requires that Defendant's

---

[1]Plaintiff's failure to exercise diligence in designating an expert or experts and
supplying report(s) is further highlighted by the fact that Plaintiff allegedly incurred his
injuries on April 16, 2001.  *See* Dkt. No. 1, Exs. B, D, G, I.  Plaintiff provides no
indication of why his treatment is incomplete or why he is unable to designate an expert
more than five years after the alleged injury occurred.

[2]It appears that the notice of designation was sent to the Defendant but was not
filed with the Court.  *See* Dkt. No. 14, Ex. A.  Moreover, Plaintiff failed to seek leave to
file this notice late.

motion be granted.[3]  *See* FED. R. CIV. P. 16(f), 37(c)(1).  Therefore, Plaintiff's designation of Drs. Kevin R. Krull and Stewart Ater will be **STRICKEN,** and Plaintiff will not be permitted to introduce any evidence derived from any work by either of these two doctors.[4]

Finally, as to Plaintiff's motion to voluntarily dismiss this case, "[a]s a general rule, motions for voluntary dismissal should be freely granted, absent some plain legal prejudice to the non-moving party."  United States, ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 330 (5th Cir. 2003); *see also* Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002).  In determining whether plain legal prejudice exists, courts consider: "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for

---

[3]Because Defendant only seeks exclusion of two of the experts, only those two experts will be stricken.  Dkt. No. 14.  Nonetheless, the Court **ADMONISHES** Plaintiff and Plaintiff's counsel that filing, or attempting to file, a designation of experts after the deadline has passed and without leave to file is improper conduct.  Furthermore, this conduct is rendered more egregious because counsel waited until the date which the parties attempted to set as the new deadline for designating experts before designating them.  *See* Dkt. No. 7; Dkt. No. 14, Ex. A.  This conduct displays a clear lack of respect for the Court's orders and will not be condoned or tolerated.

[4]Under Rule 16(f), the Court is required to order Plaintiff and/or his attorney "to pay the reasonable expenses incurred because of any noncompliance with this rule, . . . unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."  In this case, the Court recognizes that Plaintiff was required to designate his experts by September 29, 2006, thereby providing Defendant with approximately two months between receipt of Plaintiff's experts' reports and the November 24, 2006 deadline for filing its experts' reports.  *See* Dkt. No. 5.  Thus, Defendant may be forced to incur, or may have already incurred, additional expenses from its experts because it only received Plaintiff's experts' reports one month before its designation deadline, instead of two.  If that is the case, the Court will consider ordering Plaintiff's counsel to pay any increased expenses incurred by Defendant resulting from the shorter time period in which the experts had to work.  Defendant is therefore **ORDERED** to submit any documentation or other evidence establishing an actual increase in the fees charged by its experts because of the reduced time period between receiving Plaintiff's expert designations and its own designation deadline by no later than December 13, 2006.

summary judgment has been filed by the defendant."   Witzman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998); *Elbaor*, 279 F.3d at 316 n.1 (quoting *Witzman*, 148 F.3d at 992).   "[T]he mere prospect of a second lawsuit is not enough prejudice . . . to warrant denial of a motion to dismiss without prejudice." *Dow Chem. Co.*, 343 F.3d at 330. However, a court may deny a motion to voluntarily dismiss "[w]hen a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort."   Davis v. Huskipower Outdoor Equip. Corp., 936 F.2d 193, 199 (5th Cir. 1991).

It is unclear exactly how much time and effort Defendant has expended defending against this case.  Defendant has filed an answer, a motion to compel, two sets of special exceptions to Plaintiff's petitions, and a notice of removal. *See* Dkt. No. 1; Dkt. No. 1, Exs. E, F, I.  On the other hand, Defendant has not moved to dismiss, moved for summary judgment, or filed any motions in this Court.  The record contains only vague statements relating to the amount of discovery that has occurred so far in this case. *See* Dkt. No. 13, at 4 ("Ross Stores has deposed several witnesses and has engaged in written discovery to the Plaintiff.").  Plaintiff does not appear to have allowed or caused any excessive delay in the prosecution of this case.  However, Plaintiff has not been entirely diligent in this case, at least in Plaintiff's failure to meet the deadline contained in the scheduling order regarding designation of experts. *See* Dkt. No. 8. Plaintiff asserts that dismissal of the case is necessary "to avoid the prejudice of the court's denial of the agreed stipulation." Dkt. No. 10, at 2.  However, upon reviewing the Court's previous Opinion & Order, the Court finds no grounds for Plaintiff's contention.  In fact, if Plaintiff is prejudiced by the current deadlines, it is his failure to establish good cause for a modification of the scheduling order, and not the Court's acknowledgment of that failure, that is the source of the prejudice.  Finally, this case was originally filed more than 16 months ago and was removed more than 9 months ago. *See* Dkt. No. 1; Dkt. No. 1, Ex. B.

Based on the relatively late stage of these proceedings, the Plaintiff's inability to articulate a sufficient explanation of the need for dismissal, and the efforts spent by the Defendant to this point, the Court concludes that it would be inappropriate to merely

dismiss this case without prejudice.  *See* Dow Chem. Co., 343 F.3d at 330; Conley v. Aetna Life Ins. Co., 213 F.3d 635, 2000 WL 554056, *3 (5th Cir. 2000).  Nonetheless, any prejudice can be alleviated by imposing limited conditions on such a dismissal. *Conley*, 2000 WL 554056, at *3.  Therefore, the Court **GRANTS** Plaintiff's motion for voluntary dismissal, with the following conditions: (1) any discovery which has already been undertaken in this case may be used in any future proceeding regarding these same matters; and (2) Plaintiff, upon the re-filing of this case or the filing of any case substantially similar to this case, may only designate the same three experts who have been designated with reports furnished, and Plaintiff may not designate any additional or different experts.[5]  *See Elbaor*, 279 F.3d at 317 n.3; *Conley*, 2000 WL 554056, at *3.

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Set Aside Notice to Dismiss and **DISMISSES** as moot Plaintiff's Notice to Voluntarily Dismiss Civil Action Proceeding.  Dkt. Nos. 9, 10.  The Court **DENIES** Plaintiff's Motion to Amend Scheduling Order Without Extending the Trial Date.  Dkt. No. 12.  The Court **GRANTS** Defendant's Motion to Strike Plaintiff's Expert Witnesses and Brief in Support.  Dkt. No. 14.  Finally, the Court **ORDERS** the Plaintiff to file a notice with the Court, by no later than Thursday, November 30, 2006, at 5:00 p.m., stating whether Plaintiff agrees to

---

[5]Defendant also requests that the Court "Order that Plaintiff only be permitted to refile this action, if at all, in the United States District Court for the Southern District of Texas," and that the Court "Award ROSS STORES its attorneys' fees and costs incurred in responding to the various Motions at issue before this Court, including the Motion to Voluntarily Dismiss." Dkt. No. 13, at 5.  The Court **DENIES** Defendant's request to order that Plaintiff refile this case, if at all, only in this Court.  The purpose of imposing conditions on dismissal is to alleviate any prejudice that dismissal would cause for the non-moving party, not to simply impose restrictions on the moving party. The Court finds no basis for concluding that allowing Plaintiff to file this action in a different court would prejudice Defendant.  Therefore, this requested condition will not be imposed.

The Court also **DENIES** Defendant's request for attorneys' fees and costs. Defendant has not provided sufficient information upon which to base an order granting the request for attorneys' fees.  Defendant does not specify which motions it is referring to, fails to provide any evidence regarding the fees or costs incurred as a result of those motions, and fails to proffer any evidence of how it will be prejudiced if its attorneys' fees and costs are not ordered to be paid by Plaintiff.

dismissal with the conditions imposed by the Court or whether Plaintiff withdraws his motion to dismiss. *See Elbaor*, 279 F.3d at 320 ("[O]ur case law requires that the district court allow the Elbaors the opportunity to withdraw their motion to dismiss rather than accept the conditions." (citations omitted)). If Plaintiff objects to the conditions imposed by the Court, Plaintiff's motion is **DENIED**. However, if Plaintiff either fails to object by the aforementioned deadline or affirmatively accepts the conditions imposed by the Court, the Court **GRANTS** Plaintiff's Motion to Voluntarily Dismiss Civil Action Proceeding. Dkt. No. 11. This Opinion & Order will take effect at 5:00 p.m. on Thursday, November 30, 2006.

DONE at Brownsville, Texas, this 14 day of November, 2006.

Hilda G. Tagle
United States District Judge